## MAY v. AUSLEY.

### Opinion delivered May 27, 1912.

SUPREME COURT—ORIGINAL JURISDICTION.—Where the amount of a money judgment recovered in this court was paid to the clerk hereof, he acts merely as agent of the party paying the funds, and not officially, and this court will not entertain a petition of the attorney of the successful party to enforce an attorney's lien upon the money so held by the clerk.

Appeal from Van Buren Circuit Court; *George W. Reed,* Judge; motion denied.

*E. G. Mitchell, pro se.*

*R. W. Robins,* for appellee.

PER CURIAM: After the affirmance of the judgment in appellee's favor, which was for the recovery of a certain sum of money, it appears that appellants paid the amount of the judgment to the clerk of this court with instructions to pay it over to appellee upon satisfaction of the record by the latter. Appellee's attorney then filed his claim with the clerk for a lien on the judgment, and moved the court for enforcement of the lien, which was denied on the ground that this court was without jurisdiction to enforce the same. See per curiam opinion. *May* v. *Ausley, ante,* p. 306. The attorney then notified the clerk, and also appellant, of his intention to

proceed in a court of proper jurisdiction for the enforcement of his asserted lien on the judgment, and the clerk thereupon paid over to appellee the amount of funds in his hands except an amount sufficient to cover the claim of said attorney. He still holds that sum in his hands, and appellee now moves the court for an order on the clerk requiring him to pay the money over to him (appellee). The attorney for appellee responds, and sets forth the fact that he claims a lien on the fund, and has commenced, or is about to commence, an action to enforce his lien.

There is no authority found in the statute for payment of the amount of a judgment to the clerk of this court. He is not a collecting officer, and a payment to him is merely a selection of him as the agent of the party making the payment, and it does not give this court control of the action of the clerk in the disposition of the fund. He acts as the agent of the party who pays the fund, and is controlled by his directions. Any attempt on the part of this court to adjudicate the rights of the parties in this fund would be an exercise of original jurisdiction, which this court does not possess.

The motion of appellee for directions to the clerk as to the disposition of the fund is overruled.